# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, D.C. KING, M.G. MILLER**

**UNITED STATES OF AMERICA**

v.

**LAZZARIC T. CALDWELL**
**PRIVATE FIRST CLASS (E-2), U.S. MARINE CORPS**

**NMCCA 201000557**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 21 January 2014.
**Military Judge**: Col M.B. Richardson, USMC.
**Convening Authority**: Commanding Officer, 4th Marine Regiment, 3d Marine Division, Okinawa, Japan.
**Staff Judge Advocate's Recommendation**: LtCol K.T. Carlisle, USMC.
**For Appellant**: Maj Michael D. Berry, USMCR.
**For Appellee**: Mr. Brian Keller, Esq.

**12 August 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of orders violations, larceny, and wrongful self-injury in violation of Articles 92, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 921, and 934. The military judge also convicted the appellant, contrary to his pleas, of a separate order violation for wrongfully possessing "spice." The convening

authority (CA) approved the adjudged sentence of confinement for 180 days and a bad-conduct discharge. This court affirmed the findings and sentence as approved by the CA on 27 December 2011.

In a Decision dated 29 April 2013, the Court of Appeals for the Armed Forces (CAAF) found that there was a substantial basis in law and fact to question the appellant's plea of guilty to the Article 134 offense. In a Mandate issued on 16 May 2013, CAAF affirmed the findings of guilty as to the three Article 92 specifications and the single Article 121 violation, but reversed as to the Article 134 offense and as to the sentence. After setting aside the findings of guilty to the Article 134 offense, CAAF returned the record of trial to the Judge Advocate General for remand to this court. The Mandate provided that this court "may either dismiss [the Article 134 offense] and reassess the sentence, or it may order a rehearing."

After considering the record of trial and Mandate from CAAF, on 22 May 2013 the court returned the record to the Judge Advocate General of the Navy for remand to an appropriate CA who could either: 1) order a rehearing on the Article 134 offense and the sentence; or 2) dismiss the Article 134 offense and order a rehearing on sentence as to the affirmed findings of guilty; or 3) dismiss the Article 134 offense and, if a rehearing on sentence is considered impracticable, approve a sentence of no punishment.

On 25 September 2013, the CA ordered a rehearing only as to the sentence. On 21 January 2014, the military judge sentenced the appellant to reduction to pay grade E-1, 90 days' confinement, and a bad-conduct discharge. The CA approved the adjudged sentence except for the reduction to pay grade E-1. In his Supplemental Court-Martial Order, the CA failed to note the dismissal of the Article 134 offense. We will take corrective action in our decretal paragraph.

Charge V and its specification are dismissed. The sentence as approved by the CA is affirmed.

For the Court

R.H. TROIDL
Clerk of Court

2